UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Earl Richardson,

    Plaintiff,

v.

Kim Richardson,

    Defendant.
_____/

Case No. 12-11951

Honorable Nancy G. Edmunds

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, STRIKING AMENDED COMPLAINT, AND DISMISSING THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION [18, 20]

Before the Court is the magistrate judge's November 14, 2012 report and recommendation. (Dkt. 18.) The magistrate judge recommended dismissing the case for Plaintiff's failure to satisfy the jurisdictional requirement of 28 U.S.C. § 1332. (*Id.*) After considering all the pleadings and Plaintiff's filings after the November 14, 2012 report and recommendation, the Court finds that it lacks subject matter jurisdiction over this case. Plaintiff has failed to allege facts that would take this case outside of the federal probate exception. Plaintiff additionally, in response to the magistrate judge's show cause order, has failed to plead an amount in controversy necessary for diversity jurisdiction.

For the reasons stated below, the Court dismisses this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

On May 1, 2012, Plaintiff, proceeding pro se, filed a complaint against Defendant Kim Richardson, trustee of the Jimmie L. Richardson-Winston estate. (Dkt. 1, Compl.) Plaintiff

and Defendant are brother and sister. Plaintiff seeks to set aside the estate his mother, Jimmie L. Richardson, left to his sister, Defendant.

Plaintiff has styled his case as an "appeal" of a Wayne County state probate court ruling in February, 2012. (Compl. at 1.) With his case, Plaintiff requests that the Court "declare that the trust of record be ordered invalid; and reduce the trust to an intestate estate or in an intestate condition due to the years of [Plaintiff's mother's] incapacitation." (Compl. at 7.) Plaintiff also requests: "[S]ubsequently I pray that this honorable court will remove the trustee of record and replace her with [Plaintiff.]" (*Id.*) And Plaintiff also asks the Court to "issue a letter of authority that will allow [him] to carry out the duties and obligations of this administration and expedite the distribution of funds and property of [his] mother's estate." (*Id.*)

On August 30, 2012, the magistrate judge recommended finding that this entire cause of action fell within the probate exception to federal court jurisdiction.[1] (Dkt. 12.)

On October 15, 2012, the Court rejected part of the magistrate judge's report and recommendation, and found that Plaintiff had loosely alleged a breach of trust by the

---

[1] The federal probate exception "reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (citation omitted). But the federal probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* (citation omitted). Fraud, undue influence, and breach of fiduciary duties are types of matters that fall outside of the probate exception because these types of *in personam* actions "do not interfere with the *res* in the state court probate proceedings or ask a federal court to probate or annul a will." *Id.* at 751. But, if those matters would affect the probate estate, then the federal probate exception would preclude jurisdiction over those claims as well. *Id.* (finding that the majority of the plaintiff's *in personam* claims would do "precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state court's distribution of the assets.").

trustee cause of action. (Dkt. 16.) The Court held that, construing the complaint liberally, the breach of trustee claim fell outside of the probate exception. (*Id.*)

The Court referred the matter back to the magistrate judge to determine which claims should proceed and whether a show cause order for lack of pleading the diversity amount or an amended complaint should be ordered. (Dkt. 16.)

On October 17, 2012, the magistrate judge issued an order for Plaintiff to show cause why the case should not be dismissed for lack of pleading the federal diversity jurisdiction amount.[2] (Dkt. 17.) The magistrate judge ordered Plaintiff to respond by November 5, 2012. (*Id.*)

Plaintiff failed to respond by that date. On November 14, 2012, the magistrate judge recommended that the Court dismiss Plaintiff's case for his failure to respond to the show cause and plead the jurisdictional amount. (Dkt. 18.)

On November 19, 2012, Plaintiff filed a response to the October 17, 2012 order to show cause and an amended complaint. (Dkt. 19, 20.) On November 28, 2012, Plaintiff filed a "motion to show cause," in which Plaintiff states that he was unable to meet the November 5, 2012 deadline because of illness.[3]

---

[2] Diversity jurisdiction exists under 28 U.S.C. § 1332 where the amount in controversy exceeds $75,000.00 and there is complete diversity between a plaintiff and a defendant. Here, the parties are diverse.

[3] In his "motion to show cause," in which Plaintiff requests that the Court consider his delays in filing given his illness. (Dkt. 21.) Plaintiff states that he was ill for several weeks and intended to notify the Court, but that he did not. He adds that he "totally forgot" about the November 5, 2012 deadline. He requests that the Court consider his pleadings and excuse his delay. The Court has reviewed Plaintiff's medical records. While the medical records show that Plaintiff was on various medications, the records also show that Plaintiff could resume regular activity and do not show that Plaintiff spent any extended time in the hospital.

Regarding the amended complaint, the Court strikes it.  Federal Rule of Procedure 15 provides that a plaintiff can file an amended complaint 21 days after he files his original complaint or, if those 21 days have passed, only with consent of the opposing party or with leave of the court.  A court is to grant leave to amend "when justice so requires."  Fed.R.Civ.P. 15(a)(1)(A) and (a)(2).  However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962).

While this Court suggested to the magistrate judge that an amended complaint may be proper, the magistrate judge never requested an amended complaint or granted leave for Plaintiff to file one.  Plaintiff has failed to seek the Court's leave to amend and the Court further finds that the amended complaint would be futile, given Plaintiff's answer to the Court's order to show cause and the amended complaint he submitted.

In Plaintiff's November 19, 2012 answer to the show cause, he puts forth his argument as to how he satisfies the diversity jurisdiction amount.[4]  (Dkt. 19, Pl.'s Resp.)  Plaintiff states that he is basing his amount in controversy on the fact that the state court judge found that there was $100,000.00 in the trust fund that Plaintiff alleges was improperly disbursed.  (*Id.* at 1.)  Plaintiff further states that, with this case, he seeks a "thorough and meticulous and detailed investigation of the Trust/Estates of my mother."  (*Id.* at 3.)  Plaintiff then states that he can reach the greater than $75,000.00 amount by

---

[4] *Farmer v. Fisher*, 386 F.App'x 554, 556 (6th Cir. 2010) (A plaintiff requesting a court to exercise diversity jurisdiction over a case has the "prima facie requirement" to "set forth the factual basis on which that jurisdiction is predicated.").

4

aggregating the amounts owed to those people to whom he believes "have not received their share of the trust fund and estate." (*Id.* at 4.) Plaintiff suggests that the total amount in controversy is $84,000.00.00 "[p]lus actual and [p]unitive damages[.]" (*Id.* at 5.) But Plaintiff does not state to what those actual and punitive damages amount. Plaintiff concludes by saying that he has "spoken with many of the named beneficiaries by phone and to this date they have not received their portions fo the trust fund and desired [sic] to have their named added to this case." (*Id.*) Plaintiff has alleged, as to himself, a $12,000.00 amount owing to him. (*Id.* at 4.) The remaining $72,000.00, Plaintiff states, is owing to others. Those others are not a part of this case.

In his "amended complaint" Plaintiff requests that the Court rescind the trust, freeze the trust assets, order release of all the financial records to the estate, and award damages for the injuries caused by the breach and unlawful conduct." (Dkt. 20, Proposed Am. Compl. at 5.) He again places no amount on the injuries caused by the breach and unlawful conduct.

No matter how Plaintiff frames his complaint, he again solely seeks to disturb the trust estate. Plaintiff's claims therefore fall within the probate exception. The Court also finds that Plaintiff's claim, as he alleges for himself, only seeks $12,000.00. That amount does not satisfy the diversity jurisdiction amount. And finally, although the Court had stated that Plaintiff had loosely alleged a breach of trust claim, the Court finds that Plaintiff has not pleaded any amount he seeks for that claim. While he states he has actual damages and requests punitive damages, he puts no number on those damages. His conclusory statement is insufficient. *See Flanner v. Coca-Cola Refreshments, USA, Inc.*, 12-1274, 2012 WL 5868580, at *2 (W.D.Mich. Nov. 20, 2012) ("These statements, on their own, give

the court no basis on which to determine that Plaintiff's damages are likely to amount to more than $75,000.") (citations omitted).

The Court has now given Plaintiff several attempts at properly pleading a case, and he has failed to do so. Dismissal is therefore appropriate--Plaintiff has failed to plead that the Court has subject matter jurisdiction over these claims, and Plaintiff has further failed to plead any damages claim that would give this Court subject matter jurisdiction over any claim that would fall outside of the federal probate exception.

The Court adopts the magistrate judge's report and recommendation, albeit for different reasons and dismisses the case without prejudice. *See Revere v. Wilmington Fin.,* 406 F.App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: December 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 14, 2012, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager